United States District Court
Southern District of Texas
**ENTERED**
September 17, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE A. MALDONADO, *et al.*, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-1484 |
| FIRSTSERVICE RESIDENTIAL, INC., *et al.*, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Jose and Maria Maldonado moved to dismiss the counterclaims filed against them by two of their neighbors in the Royal Brook at Kingwood subdivision, John Palamidy and Cynthia Hill. Their counterclaims arise from the same series of events that form the basis of the Maldonados' lawsuit against Palamidy, Hill, and parties responsible for developing and managing the subdivision. The Maldonados' lawsuit alleges that these neighbors pressured the subdivision developers and HOA managers to enforce deed restrictions against them, and, in doing so, discriminated against them. Palamidy and Hill moved to dismiss the lawsuit, (Docket Entries Nos. 35, 36), and the court granted in part and denied in part their motions, (Docket Entry No. 116). Palamidy and Hill, who are married to each other, now bring state-law counterclaims, (Docket Entries Nos. 117, 121). The Maldonados moved to dismiss the counterclaims, (Docket Entries Nos. 128, 136). Hill moved for leave to amend her counterclaim to abandon some claims, (Docket Entry No. 175). Because no claim was added, no response is needed at this time. The parties submitted extensive briefing and the court heard argument. Based on the pleadings, the motions and responses, the arguments, and the applicable law, the Maldonados' motions to dismiss are granted in part and denied in part. In sum:

- the Maldonados' motion to dismiss the counterclaim filed by Cynthia A. Hill, (Docket Entry No. 136), is granted as to the stalking, intentional infliction of emotional distress, tortious interference of contract and permanent injunctive relief claims against Maria and Jose Maldonado, and is denied as to the breach of contract claim against Maria and Jose Maldonado;

- the Maldonados' motion to dismiss the counterclaim filed by John H. Palamidy, (Docket Entry No. 128), is denied; and

- Cynthia A. Hill's motion for leave to file an amended counterclaim, (Docket Entry No. 175), is granted, making the amended counterclaim, (Docket Entry No. 175-1), Hill's operative pleading.

The reasons are set out in more detail below.

**I.      Background**

The Maldonados park a white Ford Transit van and sometimes a trailer on their driveway and on the street in front of their home. (Docket Entry No. 175-1 at ¶ 10, 12). Hill reported this to the HOA as a violation of community deed restrictions that prohibit residents from parking vehicles on the street overnight and from parking any commercial vehicles on their property. (Docket Entry No. 175-1 at ¶ 10). Hill and Palamidy allege that after Hill made a report to the HOA, Jose Maldonado posted harassing messages on the neighborhood Facebook page, including accusing Palamidy of being a thief. (Docket Entry No. 175-1 at ¶ 13; Docket Entry No. 117 at 28). Hill and Palamidy allege that Jose Maldonado privately messaged Hill, calling her a liar, a gossip, and stating that she did not care about children. (Docket Entry No. 175-1 at ¶ 13; Docket Entry No. 117 at 28). Hill and Palamidy allege that Jose Maldonado threated Palamidy with physical harm on multiple occasions, including yelling "C'mon across the street! I wanna kick

your ass!" and "Fucking pussy! Coward! Faggot!" (Docket Entry No. 175-1 at ¶ 14; Docket Entry No. 117 at 28–29). Hill and Palamidy allege that they reported one threatening incident to the Houston Police Department. (Docket Entry No. 175-1 at ¶ 14; Docket Entry No. 117 at 29). They allege that following the police report, Jose Maldonado moved the van and trailer to the side of the street in front of their house, which Hill interpreted as an effort to intimidate them. (Docket Entry No. 175-1 at ¶ 15; Docket Entry No. 117 at 29).

Hill and Palamidy allege that Jose Maldonado made multiple false police reports, including falsely accusing them of following, threatening, and harassing his family. (Docket Entry No. 175-1 at ¶ 16; Docket Entry No. 117 at 29). Hill alleges that Jose Maldonado stares at her "in a menacing way" and has harassed her by yelling things like "HeeHaw" at her. (Docket Entry No. 175-1 at ¶ 19).

Out of this parking dispute, a federal lawsuit mushroomed. The Maldonados brought a multitude of federal and state claims against Hill and Palamidy. Many motions followed and an injunction on parking issued. The court previously granted Hill's motion to dismiss as to the stalking claim, the intentional infliction of emotional distress claim, and the 42 U.S.C. §§ 1981, 1982, and 1985(3) claims. (Docket Entry No. 116). The court denied the motion to dismiss as to the tortious interference claim. (*Id.*). The court granted Palamidy's motion to dismiss as to the Maldonados' intentional infliction of emotional distress claim, and denied it as to the §§ 1981, 1982, and 1985(3) claims, the tortious interference claim, and the stalking claim. (*Id.*).

Hill's amended counterclaim alleges state-law claims against Maria and Jose Maldonado for breach of contract and injunctive relief, and a state-law claim of intentional infliction of emotional distress against Jose Maldonado. (Docket Entry No. 175-1 at 16–18). Palamidy brought

3

a state-law stalking claim against Jose Maldonado. The motions to dismiss these counterclaims is the subject of this opinion.

## II. The Legal Standards

### A. A Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir.

2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.     Analysis**

    **A.     Hill's Counterclaim for Intentional Infliction of Emotional Distress**

A claim for intentional infliction of emotional distress requires allegations that: "1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). It is for the court to determine as a matter of law whether a defendant's conduct was "extreme and outrageous." *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 616 (Tex. 1999).

A tortious act alone is not "extreme and outrageous." *See Brewerton v. Dalrymple,* 997 S.W.2d 212, 216 (Tex. 1999). To be "extreme and outrageous," a defendant's act must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (quoting *GTE,* 998 S.W.2d at 611).

Insults, indignities, threats, annoyances, or petty oppressions are not enough. *GTE,* 998 S.W.2d at 612.

Hill's allegations as to Jose Maldonado are insufficient to show "extreme and outrageous" conduct. Hill's allegations that Jose Maldonado called her a liar and a gossip, and stated that she did not care about children, are the proof of a neighborhood quarrel. (Docket Entry No. 175-1 at ¶ 13). These allegations do not rise above "indignities, threats, annoyances, [or] petty oppressions." *GTE,* 998 S.W.2d at 612. *See also Swafford v. Bank of Am. Corp.*, 401 F. Supp. 2d 761 (S.D. Tex. 2005) (quoting *Hoffmann-La-Roche*, 144 S.W.3d at 448–49) (vulgar joke-telling, verbal abuse, unfair evaluations, and unfair and discriminatory job termination, did not, as a matter of law, rise to the level of extreme or outrageous conduct).

Hill additionally argues that Jose Maldonado filed a false police report that accused her husband of attempted murder, and that this has caused her extreme emotional distress. (Docket Entry No. 175-1 at ¶ 16). False statements to the police, although wrong and tortious, do not arise to the level of "extreme and outrageous" for the purpose of an intentional infliction of emotional distress claim because such statements are covered by other torts. *See, e.g.*, *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 610 (Tex. App.—San Antonio 2018, no pet.) (a false statement to police does not meet the "extreme and outrageous" standard); *Cunningham v. Politi*, No. 418CV00362ALMCAN, 2019 WL 2517085, at *10 (E.D. Tex. Apr. 30, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2524737 (E.D. Tex. June 19, 2019) (same). Hill has failed to state a claim.

  **B.**  **Hill's Counterclaim for Breach of Contract**

In Texas, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract

6

by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

Hill sued the Maldonados for breach of contract based on their alleged failure to comply with the deed restrictions. (Docket Entry No. 175-1 at ¶ 37). Hill argues that by their membership in the HOA and the mutual duties owed to each other, she and the Maldonados are parties to the same contract. (*Id.*). She concedes that Texas law is "mixed" as to whether deed restrictions are themselves contracts, (Docket Entry No. 168 at 2), but argues that the restrictions provide her, as a lot owner in the subdivision, with the right to enforce the deed restrictions, (Docket Entry No. 175-1 at ¶¶ 7, 37). As a result, she argues, she can bring a breach of contract claim against other property owners to enforce the restrictions. (*Id.*).

Hill alleges that the Maldonados breached Section 10.20 of the deed restrictions, which prohibits lot owners from parking a vehicle in the subdivision unless (1) it is either a "light truck" or a "passenger vehicle" and (2) it is parked on the driveway for a period not exceeding 48 consecutive hours. (Docket Entry No. 175-1 at ¶ 24). A lot owner may not park vehicles on the street overnight, regardless of the vehicle's classification. (*Id.*). The deed restrictions define a "light truck" as a "one (1) ton capacity pickup truck, sports utility vehicle, or van which has not been adapted or modified for commercial use." (*Id.*). The deed restrictions define "passenger vehicle" based on the license plate. (*Id.*). Hill alleges that the Maldonados have breached the deed restrictions by: 1) parking the van and trailer overnight on the street in front of the Maldonados' house; 2) parking the trailer in the subdivision; and 3) parking the van, which has been modified for commercial use, in the subdivision. (*Id.* at ¶ 26).

7

Hill alleges that she is an intended beneficiary of the deed restrictions and has the right to enforce them. (Docket Entry No. 168 at 2; Docket Entry No. 175-1 at ¶ 37). She alleges that the Maldonados' breach of the deed restrictions caused her "to suffer loss of the peaceful use and enjoyment of her property." (Docket Entry No. 175-1 at ¶ 37). In *Allan v. Nersesova*, 307 S.W.3d 564, 572 (Tex. App.—Dallas 2010, no pet.), the owner of a condominium unit sued another owner for breach of contract. The state appeals court concluded that the neighbor had standing to enforce the contract as a third-party beneficiary. *Id.* at 573. The court concluded that the neighbor was an "intended creditor beneficiary" based on the condominium governing documents that: 1) imposed a duty to follow the restrictions for the "benefit of" other owners; and 2) gave aggrieved owners the authority to sue for violations. *Id.* at 572–73. The same is true here. The restrictions are "binding upon and inure to the benefit of" each owner and each owner may sue to enforce violations. (Docket Entry No. 15-2 at 38). *See also Ski Masters of Texas, LLC v. Heinemeyer*, 269 S.W.3d 662, 668 (Tex. App.—San Antonio 2008, no pet.) (property owners in a subdivision with restrictive covenants may enforce the covenants against each other).

Section 10.20 prohibits residents from parking a vehicle "overnight on any street in the Subdivision," regardless of whether the vehicle is a light truck or a passenger vehicle. (Docket Entry No. 175-1 at ¶ 24). Hill sufficiently alleges a breach of this restriction.

Hill also sufficiently alleges that parking the trailer in the subdivision violated Section 10.20 because the trailer is not a "light truck" or "passenger vehicle." But Hill has failed to allege a breach based on parking the van in the subdivision. Hill alleges that the van does not qualify as a "light truck" because it has been "modified for commercial use" with a ladder, a protective cage, and shelving, which were not part of the original equipment on the van. (*Id.* at ¶ 26). This does

8

not address whether the van qualifies as a passenger vehicle based on its license plate and is therefore permitted.

Hill has sufficiently alleged a right to assert a breach of contract claim.

### C. Hill's Remaining Claims

Hill abandoned her claims for stalking and tortious interference of contract in the amended complaint, (Docket Entry No. 175-1). These claims are dismissed. Hill also brought a claim for "permanent injunctive relief." (*Id.* at 18). "A request for injunctive relief, absent a cause of action supporting the entry of a judgment, is fatally defective and does not state a claim." *Spady v. Am.'s Servicing Co.*, No. CIV.A. H-11-2526, 2012 WL 1884115, at *5 (S.D. Tex. May 21, 2012) (citing *Buntaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex.2002)). Hill's request for injunctive relief is not a cause of action and is dismissed.

### D. Palamidy's Stalking Claim

Under Texas law, a plaintiff sufficiently pleads stalking against a defendant by alleging:

(a)(1) on more than one occasion the defendant engaged in harassing behavior;

(2) as a result of the harassing behavior, the claimant reasonably feared for the claimant's safety or the safety of a member of the claimant's family; and

(3) the defendant violated a restraining order prohibiting harassing behavior or:

> (A) the defendant, while engaged in harassing behavior, by acts or words threatened to inflict bodily injury on the claimant or to commit an offense against the claimant, a member of the claimant's family, or the claimant's property;
>
> (B) the defendant had the apparent ability to carry out the threat;
>
> (C) the defendant's apparent ability to carry out the threat caused the claimant to reasonably fear for the claimant's safety or the safety of a family member;
>
> (D) the claimant at least once clearly demanded that the defendant stop the defendant's harassing behavior;

9

>> (E) after the demand to stop by the claimant, the defendant continued the harassing behavior; and
>
> (F) the harassing behavior has been reported to the police as a stalking offense.

Tex. Civ. Prac. & Rem. Code Ann. § 85.003; *see also Doe v. Siddiqui*, No. 3:17-CV-01869, 2018 WL 3956292, at *3 (N.D. Tex. Aug. 17, 2018). "'Harassing behavior' means conduct by the defendant directed specifically toward the claimant, including following the claimant, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the claimant." Tex. Civ. Prac. & Rem. Code Ann. § 85.001(4).

Palamidy sufficiently alleges a stalking claim against Jose Maldonado. Palamidy alleges that Jose Maldonado made harassing posts on the neighborhood Facebook page about Hill and called Hill a liar and a gossip in private messages. (Docket Entry No. 117 at 29). Palamidy alleges that Jose Maldonado threatened Palamidy, said that he wanted to "kick [his] ass!", (*Id.* at 28), and filed false police reports against him, (*Id.* at 30). These are sufficient allegations of "harassing behavior." *See* Tex. Civ. Prac. & Rem. Code Ann. § 85.001(4).

Palamidy has sufficiently alleged that he fears for his safety or the safety of a family member to meet the § 85.003(a)(3)(A)–(F) elements. Palamidy alleges that Jose Maldonado threatened to hurt Palamidy as Palamidy was leaving his house one morning. (Docket Entry No. 117 at 28–29). He alleges that this has caused him to fear his own safety and the safety of his wife. (Docket Entry No. 117 at 29). He alleges that he reported one incident to the police and has repeatedly asked Jose Maldonado to stop the attacks, without success. (*Id.* at 29). Palamidy alleges Maldonado has caused him mental anguish, pain and suffering, and seeks damages for these injuries. (*Id.* at 31). This is sufficient to allege a claim for stalking.

### IV.     Conclusion

The motion to dismiss filed by the Maldonados as to the counterclaim brought by John H. Palamidy, (Docket Entry No. 128), is denied.  The motion to dismiss filed by the Maldonados as to the counterclaims brought by Cynthia Hill, (Docket Entry No. 136), is granted as to the stalking, intentional infliction of emotional distress, tortious interference, and injunctive relief claims, and is denied as to the breach of contract claim based on the Maldonados parking their trailer in the subdivision and parking their vehicles on the street overnight.  Cynthia A. Hill's motion for leave to file an amended counterclaim, (Docket Entry No. 175), is granted.

SIGNED on September 17, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge