United States District Court
Southern District of Texas

**ENTERED**

September 30, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE A. MALDONADO, *et al.*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-1484 |
| | § | |
| FIRSTSERVICE RESIDENTIAL, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case arises from a neighborhood parking dispute. The Maldonados park a van and sometimes a trailer in their driveway and on the street in front of their house. The Maldonados allege that three of their neighbors—Cynthia Hill, John H. Palamidy, and Korey Herold—pressured FirstService Residential, Royal Brook Community Association, Inc., LLC, Natasha Brown, and Jennifer McKenry (the defendants responsible for developing and managing the subdivision, referred to as the "developer-defendants") and Friendswood Development Company (the original developer and property owner of the subdivision) to selectively enforce deed restrictions against the Maldonados because they are Puerto Rican, and the neighbors want to exclude them from the neighborhood.

After receiving several deed restriction parking violation citations, the Maldonados filed this lawsuit, asserting race and national-origin discrimination claims under 42 U.S.C. §§ 1981, 1982, and 1985(3), as well as claims for tortious interference and intentional infliction of emotional distress. The Maldonados also asserted state-law stalking claims against Palamidy and Hill. Royal Brook counterclaimed for breach of contract and breach of the deed restrictions. Palamidy brought a state-law counterclaim for stalking against Jose Maldonado, and Hill brought counterclaims for

breach of contract, intentional infliction of emotional distress, and injunctive relief against both Maldonados.  Following the court's rulings on the numerous motions to dismiss, the remaining claims are:

- the Maldonados' §§ 1981, 1982, and 1985(3) claims against FirstService, Royal Brook, Brown, and McKenry;

- the Maldonados' §§ 1981, 1982, and 1985(3) claims, the intentional infliction of emotional distress, and the claim for injunctive relief against Friendswood;

- the Maldonados' §§ 1981, 1982, and 1985(3) claims, the tortious interference claim, and the stalking claim against John H. Palamidy;

- the Maldonados' tortious interference claim against Cynthia A. Hill;

- Royal Brook's counterclaim for breach of § 10.20 of the deed restrictions;

- John H. Palamidy's counterclaim against Jose Maldonado for stalking; and

- Cynthia A. Hill's counterclaim against the Maldonados for breach of contract.

The defendants' have filed a motion for summary judgment as to the claims against FirstService, Royal Brook, Brown, and McKenry and a motion to dismiss as to Friendswood. (Docket Entry No. 172).  The court reset the scheduling deadlines to accommodate the consolidated defense motion, and the Maldonados timely responded on September 27, 2021.  The court has reviewed the pleadings, the exhibits, and the relevant arguments that were presented at oral argument.  The opinion on the developer-defendants' motion for summary judgment and Friendswood's motion to dismiss is set out below.

The Maldonados have recently also moved for summary judgment, seeking pretrial dismissal of the defendants' counterclaims against them.  (Docket Entry No. 181).  The Maldonados' motion for summary judgment was filed on September 27, 2021, four days before

the scheduled docket call, and 16 days before trial, leaving insufficient time for a response and resolution.  The Maldonados' motion for summary judgment is denied without prejudice as untimely.  It is also denied to the extent it seeks a pretrial ruling that no evidence supports the counterclaims or that undisputed evidence defeats them.  The record shows disputes as to many facts material to the claims and the counterclaims.  If, during the trial, the evidence makes it appropriate, judgment as a matter of law may be sought.  But the Maldonados' motion for summary judgment, (Docket Entry No. 181), is denied without prejudice.

## I.    Background

Jose and Maria Maldonado purchased and moved into a house in the Royal Brook at Kingwood subdivision in November 2019.  (Docket Entry No. 28 at ¶ 15).  The Maldonados' house is across the street from John H. Palamidy, Jr. and Cynthia A. Hill, who are married.  (*Id.* at ¶ 7–8).  The Maldonados live with their three children, and, until his death, Tony Maldonado, Jose Maldonado's father.  (*Id.* at ¶ 17).

Royal Brook Community Association, Inc. is the homeowners' association for Royal Brook, and has the authority to enforce violations of the deed restrictions.  (*Id.* at ¶ 5; Docket Entry No. 172-4 at 38).  Jennifer McKenry is a member of the board of directors of the Association.  (Docket Entry No. 28 at ¶ 10).  FirstService conducts the daily business of the Association by investigating reports of alleged violations of the restrictions and serving as the point of contact for homeowners.  (*Id.* at ¶ 64).  Natasha Brown is employed by First Service as a community manager.  (*Id.* at ¶ 4).  Friendswood developed the Royal Brook subdivision.  (*Id.* at ¶ 6).

Shortly after the Maldonados moved in, Hill reported them to the Association for parking a trailer in front of their house.  (Docket Entry No. 172 at ¶ 13).  First Service investigated the

complaint and sent a notice to the Maldonados requiring them to remove the trailer.  (*Id.*).  This initiated a feud between the parties.

The Maldonados allege that Palamidy repeatedly questioned them about their race, ethnicity, and immigration status, (Docket Entry No. 28 at ¶¶ 21–22); made racially charged comments, (*id.* at ¶¶ 25, 26, 28, 36–37); and blocked access to their mailbox and swerved towards them with his car, (*id.* at ¶¶ 39, 53).  The Maldonados also allege that they overheard Hill and Herold discussing how to deal with "these people."  (*Id.* at ¶¶ 35, 43).  In January 2020, Jose Maldonado posted a video of Palamidy on social media that accused Palamidy of theft.  (Docket Entry No. 172 at ¶ 14).  Palamidy allegedly responded by telling Maldonado to "get rid of your taco truck."  (*Id.*).  The Maldonados allege that Palamidy, Hill, and Herold's complaints to the Association led Royal Brook, FirstService, Brown, and McKenry to issue several parking citations to the Maldonados and insist that they remove their van and trailer from the subdivision.  (Docket Entry No. 28 at ¶¶ 63, 80, 81).   The Maldonados allege that their parking of the van and trailer complied with the deed restrictions, (*Id.* at ¶¶ 82, 110–112), and that white residents park similar vans on the driveways and streets in front of their homes, (*id.* at ¶ 83).

The Maldonados filed a series of state and federal claims against the defendants, some of which the court has dismissed.  The developer-defendants moved for summary judgment on the remaining claims.  Friendswood moved to dismiss the claims against it.  The parties conducted discovery and submitted a significant summary judgment record.  This record is examined under the applicable legal standards.

## II.     Summary Judgment

### A.     The Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 610 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating'" that "there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, [the summary judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence

in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.,* 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.,* 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

  **B. The Summary Judgment Record**

The developer-defendants filed the following summary judgment evidence:

- correspondence regarding parking trailer and van (Docket Entry No. 172-2);

- resolution of the Board (Docket Entry No. 172-3);

- declaration of Covenants, Conditions and Restrictions for Royal Brook at Kingwood, (Docket Entry No. 172-4);

- the deed for the Maldonados' Property, (Docket Entry No. 172-5);

- the plat of Royal Brook Reserve, (Docket Entry No. 172-6);

- photographs, (Docket Entry No. 172-7);

- correspondence dated November 25, 2019, (Docket Entry No. 172-8);

- correspondence dated February 10, 2020, (Docket Entry No. 172-9);

- correspondence dated June 5, 2020, (Docket Entry No. 172-10);

- correspondence to the Maldonados through their counsel dated February 4, 2020, (Docket Entry No. 172-11);

- an email from Lyle Rudolph to Natasha Brown, (Docket Entry No. 172-12);

- correspondence dated April 27, 2020, (Docket Entry No. 172-13);

- Royal Brook Community Association's Instrument to Record Dedicatory Instruments at Certificate of Formation & Bylaws, (Docket Entry No. 172-14);

- list of enforcement actions, (Docket Entry No. 172-15);

- correspondence from Natasha Brown to Cynthia Hill, (Docket Entry No. 172-16);

- notice of Violation to Cynthia Hill, (Docket Entry No. 172-17);

- the deposition of Natasha Brown, (Docket Entry No. 172-18);

- affidavit of Natasha Brown, (Docket Entry No. 172-19);

- Houston Police Department Complaint 54989-20, (Docket Entry No. 172-20);

- Jose Maldonado Facebook post, (Docket Entry No. 172-21);

- affidavit of G. Amaya, (Docket Entry No. 172-22);

- Houston Police Department Complaint 38800-20, (Docket Entry No. 172-23);

- Houston Police Department Complaint 529003-20, (Docket Entry No. 172-24);

- Houston Police Department Complaint 547650-20, (Docket Entry No. 172-25);

- the transcript of June 30, 2021 Status Conference (Docket Entry No. 172-26);

- a business records affidavit for Houston Police Department complaints, (Docket Entry No. 172-27);

- the deposition of Jose Maldonado, (Docket Entry No. 172-28); and

- a video recording of an alleged vehicular assault (Docket Entry No. 172-29).

The Maldonados submitted the following responsive evidence:

- a statement of disputed facts (Docket Entry No. 182-1);

- the deposition of Natasha Brown, Volume II (Docket Entry No. 182-2);

- the deposition of Natasha Brown, Volume I (Docket Entry No. 182-2);

- correspondence of the homeowners' association (Docket Entry No. 182-4);

- the deposition of Jose Maldonado, September 3, 2021 (Docket Entry No. 182-5);

- the deposition of Jose Maldonado, September 2, 2021 (Docket Entry No. 182-6);

- email correspondence from Jose Maldonado to Compliance, (Docket Entry No. 182-7);

- the deposition of Maria Maldonado, (Docket Entry No. 182-8);

- an Excel spreadsheet labeled "violation log," (Docket Entry No. 182-9);

- Jennifer McKenry correspondence, (Docket Entry No. 182-10);

- text message correspondence, (Docket Entry No. 182-11);

- email correspondence with FirstService, (Docket Entry No. 182-12);

- a "violation timeline," (Docket Entry No. 182-13);

- a "violation notice" sent to Cynthia Hill, (Docket Entry No. 182-14);

- the Maldonados' van registration, (Docket Entry No. 182-15);

- text message correspondence; (Docket Entry No. 182-16);

- an image of 3128 Skylark Valley Terrance, (Docket Entry No. 182-17);

- email correspondence from Jose Maldonado, (Docket Entry No. 182-18); and

- a photograph of "McKenry's trailer," (Docket Entry No. 182-19).

## III.    Analysis

### A.    The Maldonados' Discrimination Claims

The defendants seek summary judgment dismissing the Maldonados' race and ethnicity discrimination claims.  Section 1981 protects the right to make and enforce contracts.  This protection extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(a).  Section 1982 protects the rights to "hold and acquire property on an equal basis

with white persons." *City of Memphis v. Greene*, 451 U.S. 100, 122 (1981); 42 U.S.C. § 1982. Both sections apply to "private and public" acts. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 437 (1968).  Sections 1981 and 1982 are generally construed "in tandem." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).  Both sections require the plaintiff to show: "(1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).  Sections 1981 and 1982 require that "plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1016, 1019 (2020).

Section 1985(3) prohibits "conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race." *Jackson v. Biedenharn*, 429 F. App'x 369, 372 (5th Cir. 2011); 42 U.S.C. § 1985.  To state a § 1985(3) claim, "a plaintiff must demonstrate (1) a conspiracy between two or more people, (2) for the purpose of depriving a person or class of the equal protection of the laws, and (3) an act that furthers the conspiracy, (4) whereby a person is injured in his person or property or denied any right or privilege of a citizen of the United States." *McCoy v. Homestead Studio Suites Hotels*, 177 F. App'x 442, 446 (5th Cir. 2006).

The developer-defendants argue that the Maldonados have failed to establish that race was the but-for cause of their discrimination, and therefore they are entitled to judgment as a matter of law dismissing their discrimination claims.  The developer-defendants argue that the Maldonados cannot show that race was a but-for cause of the loss of a legally protected right because the defendants are entitled to enforce the parking restrictions regardless of the property owners' race

or ethnicity.   The court agrees with the Maldonados that "but-for cause" does not mean "sole cause."  *Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013); *Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 993 (5th Cir. 2005) ("[E]vidence need not show that race was the sole basis in order to constitute direct evidence.").   The developer-defendants point to no evidence in the record to support their claim that their right to enforce the deed restrictions was the only cause, or the "but-for" cause, of the enforcement of the restrictions against the Maldonados.   In contrast, the Maldonados point to evidence that they were not violating deed restrictions yet received notices for doing so.  (Docket Entry No. 15-6 at 2; Docket Entry No.172-18 at 75; Docket Entry No.172-18 at 43).  The Maldonados also point to evidence of socially charged comments that may impact the inferences as to the developer-defendants.  (Docket Entry No. 172 at 14).  These are factual disputes material to determining whether the developers enforced the deed restrictions on parking against the Maldonados based at least, in part on, race and ethnicity discrimination.   Summary judgment dismissing the claims is denied.

The developer-defendants argument that the Maldonados have failed to provide evidence of discrimination under the *McDonnell Douglas* framework also fails.  When plaintiffs are seeking to prove discrimination based on circumstantial evidence, the *McDonnell Douglas* framework pertains to the second element of the § 1981 and § 1982 claims: "that [the defendant] had intent to discriminate on the basis of race."  *Jeffrey v. Columbia Med. Ctr. at Lancaster Subsidiary LP*, 48 F. App'x 103, 2002 WL 31016499, at *5 (5th Cir. 2002) (unpublished); *Rivera v. Townsquare Media Broad., LLC*, 309 F. Supp. 3d 441, 449 (W.D. Tex. 2018) (applying *McDonnell Douglas* to retaliation claims under § 1981).  *But see Comcast Corp.*, 140 S. Ct. 1009, 1019 (2020) (questioning whether "*McDonnell Douglas* has some useful role to play in § 1981 cases").  For a § 1981 claim, "[u]nder *McDonnell Douglas*, Plaintiffs must demonstrate four elements to establish

a prima facie case of racial discrimination at the summary judgment phase: (1) membership in a protected class; (2) that they sought and were qualified to receive an available contract; (3) that their contract proposal was rejected or that they received a contract on unfavorable terms; and (4) similarly-situated individuals or entities not in the protected class received a contract." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 (5th Cir. 2017). If the plaintiffs make this prima facie showing, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for the action. *Jeffrey*, 2002 WL 31016499, at *5. The burden then shifts to the plaintiffs to raise a factual dispute as to pretext. *Id.*

The developer-defendants argue that the Maldonados cannot make a prima facie showing of discrimination because the evidence "conclusively establishes" that their actions were not motivated by race, but only by the Maldonados' violation of the deed restrictions. (Docket Entry No. 172 at 18). The developer-defendants offer a nondiscriminatory reason for the enforcement—they are entitled to enforce the deed restrictions—and argue that the Maldonados cannot show pretext because their enforcement of the restrictions was legitimate. (Docket Entry No. 172 at 19).

The parties' arguments highlight the factual disputes material to determining the defendants' intent. The defendants point to the evidence that they sent a notice of violation to Cynthia A. Hill, a white woman, for violating the same provision of the deed restrictions and that they have 53 pending deed restriction enforcement actions. (Document Entry No. 172-17; Docket Entry No. 172-15). The Maldonados argue that the defendants' evidence shows they were the only property owners subject to parking enforcement between when the Association claimed it was no longer enforcing the parking restrictions in June 2019 and when the Maldonados raised a discrimination claim in this lawsuit in April 2020. (Docket Entry No. 172-15). The Maldonados argue that the Association's evidence of enforcement against other neighbors also does not include

11

information about the race or ethnicity of the other neighbors, so it cannot eliminate a factual dispute based on race and ethnicity.  (Docket Entry No. 172-15).  Additionally, the Maldonados rely on the evidence that the enforcement action against Hill was effectively withdrawn, so it does not demonstrate equivalent treatment.  (Docket Entry No. 182-16).

The record shows factual disputes material to determining whether the developer-defendants enforced the deed restrictions against the Maldonados more vigorously, frequently and otherwise on less favorable terms than against their non-Latino neighbors.  These material factual disputes preclude summary judgment on the discrimination claims.

The developer-defendants additionally argue that the discrimination claims fail as to the Association because it acts with the majority participation of its board of directors, and the Maldonados have alleged discrimination only by one board member.   (Docket Entry No. 172 at ¶ 33).  Any entity such as the Association can be held vicariously liable for the discriminatory acts of members under § 1981.  *See Jett v. Dall. Indep. Sch. Dist.*, 798 F.2d 748, 763 (5th Cir. 1986) (the "imposition of vicarious liability on a private employer under section 1981" is permissible").  And direct evidence of intent is not required.  The factual disputes in the current record as to whether the Maldonados were in violation of the deed restrictions and whether the deed restrictions were enforced equally against their neighbors preclude judgement as a matter of law dismissing the § 1981 and § 1982 claims.

The developer-defendants additionally claim that the Maldonados' § 1982 claim fails because the Maldonados are alleging restrictions only in their use of property, not that they have been prevented from "inheriting, purchasing, leasing, selling, holding, or conveying real and personal property because of race."  (Docket Entry No. 172 at ¶ 32).  Section 1982 is not limited to acquiring property, but it also applies to restrictions on using property.  *See Greene*, 451 U.S. at

120 (section 1982 is construed "to protect not merely the enforceability of property interests acquired by [minority] citizens but also their right to . . . use property on an equal basis with white citizens").

The developer-defendants urge that they are entitled to judgment as a matter of law on the § 1985(3) claims because the Maldonados have failed to show that there was an act of "class-based, invidious discrimination," because the only acts at issue were the enforcement of parking violations in accordance with the deed restrictions and the Texas Property Code. Again, the current record shows factual disputes material to determining whether the deed restrictions were enforced, or enforced more harshly, against the Maldonados because they are Puerto Rican

The developer-defendants also argue that the § 1985(3) claim fails as a matter of law because McKenry and Brown were acting within the scope of their corporate duties, and a corporation cannot conspire with itself. The Maldonados allege a conspiracy beyond the Association and its members. The claims include that McHenry, Brown, First Service, the Association, Hill, and Palamidy conspired to discriminate. (Docket Entry No. 182 at 21; Docket Entry No. 28 at ¶¶ 59, 83). Defendants' argument is without merit.

### B.     The Maldonados' Claim for Injunctive Relief against the Association

The Association seeks summary judgment dismissing the Maldonados' claim for injunctive relief and granting the Association's claim for injunctive relief. "At common law, for a permanent injunction to issue the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847 (5th Cir. 2004). This request is premature, given the factual disputes. *Garrett v. Davis*, No. 2:13-CV-70, 2016 WL 8671934, at *6 (S.D. Tex. Dec. 9, 2016), *report and recommendation adopted*, No. 2:13-CV-70, 2017 WL 1044969 (S.D. Tex. Mar. 20, 2017) ("Whether any narrow

13

remedy can be constructed cannot be determined without hearing all of the evidence that would be elicited at trial.").  The court denies summary judgment on the request for injunctive relief.

### C.    The Maldonados' Claims Against Friendswood

The Maldonados filed claims against Friendswood under §§ 1981, 1982, and 1985(3) and for intentional infliction of emotional distress.  Friendswood moves to dismiss the claims.  The only factual allegation in the Maldonados' complaint that pertains to Friendswood is that its visual advertising materials for Royal Brook display only white people.  (Docket Entry No. 28 at ¶ 100).  Discriminatory advertising is not a cognizable claim under § 1981 and § 1982.  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).  These claims are dismissed.

The Maldonados' claim under § 1985(3) also fails.  The Maldonados claim that Friendswood is liable for the discriminatory enforcement of the deed restrictions because Friendswood has two "employees sitting on the board and controls the community still in development." (Docket Entry No. 182 at 21).  Although courts may hold employers liable for the discriminatory actions of their employees, *see Jett*, 798 F.2d at 763, the Maldonados have not alleged discriminatory acts by the two board members appointed by Friendswood.  The Maldonados have not alleged that Friendswood has any role in the enforcement of the deed restrictions.  They merely serve as the original property owners of the subdivision.  The Maldonados have not pleaded allegations or pointed to evidence to support a discrimination claim against Friendswood.

The Maldonados additionally bring a claim for intentional infliction of emotional distress against Friendswood.  They must show: "1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*,

855 S.W.2d 619, 621 (Tex. 1993). The Maldonados' complaint is devoid of any allegations to support a claim of intentional infliction of emotional distress against Friendswood. This claim is dismissed.

The Maldonados have failed to state a claim against Friendswood; their request for injunctive relief against Friendswood is also dismissed. *Spady v. Am.'s Servicing Co.*, No. CIV.A. H-11-2526, 2012 WL 1884115, at *5 (S.D. Tex. May 21, 2012) (citing *Buntaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex.2002)).

## IV.    Conclusion

The defendants' motion is granted as to Friendswood's motion to dismiss, and denied as to the remaining developer-defendants' motion for summary judgment.  (Docket Entry No. 172). The plaintiffs' motion to deem Friendswood Development Company a party-defendant to trial on the merits of permanent injunction and declaratory relief, (Docket Entry No. 163), is denied.   The Maldonados' motion for summary judgment on the counterclaims against them, (Docket Entry No. 181), is denied.

SIGNED on September 30, 2021, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge